## Criss v. Colonial Trust Company et al.

*Equity—Real estate under agreement to purchase—Husband and wife— Estate by the entireties—Survivorship.*

An agreement signed by husband and wife for the purchase of real estate creates an estate by the entireties, and the survivor is entitled to have a deed in fee simple.

Bill for cancellation of deed and for decree of conveyance, etc. C. P. Allegheny Co., July T., 1922, No. 2102, in Equity.

*C. Elmer Bown,* for plaintiff; *Sterrett & Acheson,* for defendants.

CARPENTER, J.—The facts are not in dispute, and are as follows:

1. The plaintiff is the widow of James T. Criss; the Colonial Trust Company is the executor of the will of her husband, and Emma Werling is the former owner of the land involved.

2. On Sept. 20, 1921, plaintiff and her husband entered into an agreement with Mrs. Werling, pursuant to which, on Nov. 5, 1921, they conveyed to her a farm in Crawford County for $14,500, the title to which was in James T. Criss.

3. On the date first mentioned, to wit, Sept. 20, 1921, the said James T. Criss and Elizabeth, his wife, entered into an agreement with Mrs. Werling, by which they agreed to purchase from her a property in Homestead, the agreement reading as follows:

"Meadville, Pa., Sept. 20, 1921.

"Agreement for Sale of Real Estate.

"We, the undersigned, herewith bind ourselves and our heirs to purchase from Mrs. E. Werling, not later than Nov. 5, 1921, unless she shall have in the meantime sold her property located at No. 1610 Maple Street, Homestead, Pa. The purchase price to be $7000 (seven thousand dollars), said property to be free from any encumbrance. Possession to be given us on or before Nov. 5, 1921.                         JAMES T. CRISS.   (Seal)

Witness: Ernest Schmelz.               ELIZABETH CRISS.   (Seal)

"I hereby acknowledge the receipt of one dollar and other valuable consideration, and herewith approve of the above sale, and will deliver general warranty deed upon the payment to me of the above purchase price.

MRS. E. WERLING.   (Seal)"

3 D. & C.

Criss v. Colonial Trust Company et al.

4. It was agreed by the parties that Mrs. Werling might postpone the delivery of her deed until Jan. 1, 1922.

5. And after Jan. 1st and prior to the death of James T. Criss, Mrs. Werling executed and delivered to John Schuler, Esq., attorney for Mr. Criss, a deed for the Homestead property, which, with the knowledge of the latter, he held until a judgment Criss had entered against Mrs. Werling (on which there was no money due) could be satisfied.

6. James T. Criss died Feb. 15, 1922, testate, and of his will appointed the Colonial Trust Company executor.

7. Mrs. Criss claims title by survivorship.

### Discussion.

The question of law is: Did the agreement, Exhibit "A," create an estate by entireties in James T. Criss and his wife, Elizabeth Criss?

There is no evidence that Mrs. Criss had knowledge of the fact that the deed from Mrs. Werling was made to her husband. The conveyance was in fact part payment of the purchase price of the farm; but, as stated, two agreements were executed, one for the sale of the farm, the other for the purchase of the property in Homestead.

The latter agreement was signed by both husband and wife and approved by Mrs. Werling, who agreed to deliver a deed of general warranty. We have, then, an agreement of husband and wife to purchase and the seller's agreement to convey. If she had declined to convey, the husband and wife could have filed their bill for specific performance, and, in the absence of any valid reason for non-performance, a decree would have been entered that she convey to both. Neither could have compelled her to convey otherwise than as specified in their joint undertaking.

Had the purchasers refused to take the property, Mrs. Werling could have tendered a deed, not to either, but to both, and maintained an action against both for the purchase money. The law fixes the status of the parties.

### Conclusion.

Plaintiff is entitled to relief, and to this end a decree should be entered as prayed, and directing that the costs be paid by the estate of James T. Criss.

From Edwin L. Mattern, Pittsburgh, Pa.